Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

JOSE RIVERA, individually and on behalf of all others similarly situated,

                                    Plaintiff,

      -against-

A. CHURRASQUEIRA INC. d/b/a A. CHURRASQUEIRA RESTAURANT & BAR, and MANUEL CARDOSO, as an individual,

                                  Defendants.

-----------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiff, **JOSE RIVERA, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **JOSE RIVERA, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **A. CHURRASQUEIRA INC. d/b/a A. CHURRASQUEIRA RESTAURANT & BAR, and MANUEL CARDOSO, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at A. CHURRASQUEIRA INC. d/b/a A. CHURRASQUEIRA RESTAURANT & BAR, located at 95-29 Sutphin Boulevard, Jamaica, New York 11435.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount

exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff, JOSE RIVERA, residing at 117-26 168th Street, Jamaica, New York 11434, was employed from in or around January 2014 until in or around December 2019 by Defendants at A. CHURRASQUEIRA INC. d/b/a A. CHURRASQUEIRA RESTAURANT & BAR, located at 95-29 Sutphin Boulevard, Jamaica, New York 11435.
9. Defendant, A. CHURRASQUEIRA INC. d/b/a A. CHURRASQUEIRA RESTAURANT & BAR is a corporation organized under the laws of New York.
10. Defendant, A. CHURRASQUEIRA INC. d/b/a A. CHURRASQUEIRA RESTAURANT & BAR is a corporation authorized to do business under the laws of New York.
11. Upon information and belief, Defendant, A. CHURRASQUEIRA INC. d/b/a A. CHURRASQUEIRA RESTAURANT & BAR is a corporation organized under the laws of New York with a principal executive office at 95-29 Sutphin Boulevard, Jamaica, New York 11435.
12. Upon information and belief, Defendant, MANUEL CARDOSO, owns and operates A. CHURRASQUEIRA INC. d/b/a A. CHURRASQUEIRA RESTAURANT & BAR

13. Upon information and belief, Defendant, MANUEL CARDOSO, is an agent of A. CHURRASQUEIRA INC. d/b/a A. CHURRASQUEIRA RESTAURANT & BAR

14. Upon information and belief, Defendant, MANUEL CARDOSO, has power over personnel decisions at A. CHURRASQUEIRA INC. d/b/a A. CHURRASQUEIRA RESTAURANT & BAR

15. Upon information and belief, Defendant, MANUEL CARDOSO, has power over payroll decisions at A. CHURRASQUEIRA INC. d/b/a A. CHURRASQUEIRA RESTAURANT & BAR

16. Defendant, MANUEL CARDOSO, has the power to hire and fire employees, including the Plaintiff, at A. CHURRASQUEIRA INC. d/b/a A. CHURRASQUEIRA RESTAURANT & BAR, establish and pay their wages, set their work schedule, and maintain their employment records.

17. During all relevant times herein, Defendant, MANUEL CARDOSO, was Plaintiff's employer within the meaning of the FLSA and NYLL.

18. On information and belief, A. CHURRASQUEIRA INC. d/b/a A. CHURRASQUEIRA RESTAURANT & BAR is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

19. Plaintiff, JOSE RIVERA, was employed from in or around November 2011 until in or around January 2019 by Defendants at A. CHURRASQUEIRA INC. d/b/a A. CHURRASQUEIRA RESTAURANT & BAR

20. During Plaintiff JOSE RIVERA'S employment by Defendants, Plaintiff's primary duties were as a cook, kitchen preparer, while performing other miscellaneous duties from in or around March 2014 until in or around December 2019.

21. Plaintiff, JOSE RIVERA, was paid by Defendants approximately $800.00 per week from in or around March 2014 until in or around December 2016.
22. Plaintiff, JOSE RIVERA, was paid by Defendants approximately $850.00 per week from in or around January 2017 until in or around December 2017.
23. Plaintiff, JOSE RIVERA, was paid by Defendants approximately $950.00 per week from in or around January 2018 until in or around December 2018.
24. Plaintiff, JOSE RIVERA, was paid by Defendants approximately $13.50 per hour from in or around January 2019 until in or around December 2019.
25. Plaintiff worked approximately seventy-eight (78) hours or more per week during his employment by Defendants from in or around March 2014 until in or around December 2019.
26. Although Plaintiff JOSE RIVERA worked approximately seventy-eight (78) hours or more per week during his employment by Defendants from in or around March 2014 until in or around December 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
27. Furthermore, Plaintiff, JOSE RIVERA, worked approximately twelve (12) or more hours per day, six (6) days a week from in or around March 2014 until in or around December 2019, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.
28. Defendants failed to pay Plaintiff, JOSE RIVERA, one (1) week of his salary in the amount of $850.00.
29. Defendants requested Plaintiff to pay $1,100.00 in 2016 for unspecified reasons.
30. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
31. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
32. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding

$100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

34. Collective Class: All persons who are or have been employed by the Defendants as a cook, kitchen preparer, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

35. Upon information and belief, Defendants employed between 10 and 20 employees within the past three years subjected to similar payment structures.

36. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

37. Defendants' unlawful conduct has been widespread, repeated, and consistent.

38. Upon information and belief, Defendant had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

39. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

40. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

41. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
42. The claims of Plaintiff are typical of the claims of the putative class.
43. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
44. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

### FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

45. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
46. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
47. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
48. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
49. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
50. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.
51. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

52. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

53. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

54. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

55. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

56. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

57. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

58. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

59. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION

### Unpaid Wages Under The New York Labor Law

60. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

61. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

62. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

63. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION

### Spread of Hours Compensation Under New York Labor Law

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

66. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SIXTH CAUSE OF ACTION

### Unlawful Deductions from Wages under the New York Labor Law

67. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

68. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

69. Defendants made unlawful deductions from the wages of the Plaintiff without his written consent in violation of NYLL §193 by requiring Plaintiff to pay unspecified expenses out of pocket.

70. Defendants' unlawful deductions from the wages of the Plaintiff were not made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency, were not for the benefit of the Plaintiff, were not for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, or similar payments for the benefit of the Plaintiff.

71. Plaintiff's compensation from Defendants constitute wages within the meaning of the term "wages" in the NYLL §§190 et seq.

72. The named Plaintiff is an employee within the meaning of the term "employee" in the NYLL §§190 et seq.

73. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, the amount of his unlawful deductions and an amount equal to his unlawful deductions in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## SEVENTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

74. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

75. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

76. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

77. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

78. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

79. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff unpaid wages;

c. Awarding Plaintiff unpaid overtime wages;

d. Awarding Plaintiff unpaid spread of hours compensation;

e. Awarding Plaintiff reimbursement for unlawful deductions;

f. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

g. Awarding Plaintiff prejudgment and post-judgment interest;

h. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

i. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 13th day of March 2020.

*[signature]*

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE RIVERA, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

A. CHURRASQUEIRA INC. d/b/a A. CHURRASQUEIRA RESTAURANT & BAR, and MANUEL CARDOSO, as an individual,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**A. CHURRASQUEIRA INC. d/b/a A. CHURRASQUEIRA RESTAURANT & BAR**
**95-29 SUTPHIN BOULEVARD**
**JAMAICA, NEW YORK 11435**

**MANUEL CARDOSO**
**95-29 SUTPHIN BOULEVARD**
**JAMAICA, NEW YORK 11435**